Jin v. Lynch

BIA
Christensen, IJ
A200 179 471

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand sixteen.

PRESENT:
JOHN M. WALKER, JR.,
PIERRE N. LEVAL,
JOSÉ A. CABRANES,
*Circuit Judges.*
_____

XIU YAN JIN,
*Petitioner,*

v.                                      14-4673
                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONER:        Gerald Karikari, New York,
                       New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General;
                       Jennifer P. Willams, Senior
                       Litigation Counsel; Alexander J.

Lutz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Yan Jin, a native and citizen of the People's Republic of China, seeks review of a November 20, 2014, decision of the BIA that (1) affirmed a November 27, 2012, decision of an Immigration Judge ("IJ"), pretermitting as untimely her application for asylum, and (2) denied her motion to remand. *In re Xiu Yan Jin,* No. A200 179 471 (B.I.A. Nov. 20, 2014), *aff'g* No. A200 179 471 (Immig. Ct. N.Y. City Nov. 27, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The only issue before us is whether the BIA abused its discretion in denying Jin's motion to remand. We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). "A motion to remand that relies on newly available

2

evidence is held to the substantive requirements of a motion to reopen." *Id.* at 156. A movant seeking remand for consideration of new evidence must "present material, previously unavailable evidence." *Id.* at 158; *see also* 8 C.F.R. § 1003.2(c)(1). "[I]n reviewing the BIA's determination of whether previously unavailable evidence supported [a] motion to reopen, we must inquire whether the evidence could have been presented at the hearing before the IJ." *Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006).

The BIA did not abuse its discretion in denying Jin's motion for failure to submit previously unavailable evidence. Jin's evidence predated her 2012 hearing, and her ex-husband's affidavit discussed events that occurred prior to that hearing. The BIA did not abuse its discretion in rejecting Jin's argument that her ex-husband refused to provide her with this evidence in her underlying proceedings because he made no mention of any such refusal in the affidavit he prepared in support of her motion to remand. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) ("An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from

3

established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." (internal citations omitted)).

Accordingly, the BIA did not abuse its discretion in denying Jin's motion to remand. *See* 8 C.F.R. § 1003.2(c)(1); *Li Yong Cao*, 421 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4